## LOWERY v. GREENE COUNTY.

**Judgment:** IN ACTION AT LAW : SETTING ASIDE IN EQUITY. Judgments in actions at law cannot be annulled or modified in equity, except for causes arising or discovered subsequent to their rendition. (Code, sec. 2522). And so, where plaintiff brought an action on account against defendant, but, pending the trial, elected to dismiss it, but the clerk by mistake entered a general judgment against him, and he had no knowledge of such mistake until the judgment so entered was pleaded as a bar to a second action on the same account, and such defense was held good, and judgment was therefore rendered against him in the second action, *held* that a court of equity could not pronounce the last judgment a nullity, but that it must be regarded as a final adjudication of the claim.

*Appeal from Greene District Court.* — HON. J. P. CONNER, Judge.

### FILED, OCTOBER 4, 1888.

ACTION in equity to cancel certain judgments. The petition also contained a general prayer for relief. The district court sustained a demurrer to the petition, and, plaintiff refusing to amend, judgment was entered against him, and he appeals.

*Cole, McVey & Clark*, for appellant.

*John J. Russell* and *Z. A. Church*, for appellee.

REED, J.—The petition alleges that plaintiff, who is a physician, rendered professional services and furnished medicines for certain poor persons, under an employment by the township trustees of the township in which said persons resided ; that his bill for such services was allowed by the trustees, and afterwards presented to the board of supervisors for payment, and payment thereof refused ; that plaintiff thereupon instituted a suit before a justice of the peace against

Lowery v. Greene County.

the county on said claim, which was tried, and judgment was rendered against him ; that he took an appeal to the circuit court, where the cause came on for trial at the October term, 1884 ; that in the progress of the trial the court ruled that the certificate of the trustees allowing the account was insufficient, and excluded it ; that plaintiff thereupon elected to dismiss the action without prejudice, and the judge announced that such order would be made, but the clerk, in entering up the record, by mistake and omission, entered a final judgment against the plaintiff ; that plaintiff then procured a proper certificate of the township trustees approving and allowing his claim, and presented the same to the board of supervisors for payment, but the board again refused to pay it ; that he then brought suit thereon, and on another claim which he held against the county, in the circuit court, the claims being pleaded in separate counts ; and that the county, among other defenses, pleaded the judgment entered by the clerk in the former action in bar of the action on said account ; that upon the trial, which took place at the October term, 1885, after all the evidence was introduced, the defendant moved the court for judgment on the count in which said claim for services was pleaded, which motion the court sustained ; that the claim pleaded in the other count of the petition was duly submitted to the jury, who returned a verdict thereon for defendant, upon which judgment was entered. It is also alleged that plaintiff had no knowledge that the clerk had entered up a final judgment against him upon the first trial until the record was introduced in evidence on the second trial. Copies of all of the pleadings in both causes, and the record entries therein, are attached as exhibits, and made part of the petition. The special relief demanded is that the final judgment entered by the clerk at the October term, 1884, be cancelled and set aside ; that the judgment entered at the October term, 1885, be adjudged to be a nullity ; and that judgment be entered for plaintiff for the amount of his claim. The ground of the demurrer is that the petition shows

that the claim has been fully adjudicated. We think the demurrer was properly sustained. The judgment rendered at the October term, 1885, is not a nullity, and it must be regarded as a final adjudication of the claim. While the court sustained the motion for judgment on the count in question before submitting the other count to the jury, no judgment was in fact entered until after the verdict on that count was returned. The judgment entered is in form a general judgment against plaintiff. The case upon the record is in the same position it would have occupied if the court, while submitting the one count to the jury, had directed them specially to find for defendant on the other count, and had entered judgment upon the verdict returned in obedience to that direction. In sustaining the motion, the court held, in effect, that upon the undisputed evidence plaintiff was not entitled to recover on that count, and that is what would have been determined if the jury, in obedience to the direction of the court, had returned the same verdict. So that the judgment is based upon the finding of the court upon the motion as well as upon the verdict of the jury on the other count, and is a final adjudication of all the issues in the case. The court may have erred in its practice, but the judgment is not void for that reason. The subject-matter and the parties were within the jurisdiction of the court, and the order sustaining the motion, and entering judgment on the finding, were made by it in the exercise of that jurisdiction. The proper remedy for an error in such case is by appeal. A court of equity has no power to treat the order and judgment as a nullity. "Judgments obtained in an action by ordinary proceedings [which was the character of the action in which the judgment was rendered] shall not be annulled or modified by an order in an action by equitable proceedings except for a defense which has arisen or been discovered since the judgment was rendered." Code, sec. 2522.

AFFIRMED.